# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RHONDA NEWCOMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:17-CV-210-TLS |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on Plaintiff Rhonda Newcomer's Motion for Dismissal of Case [ECF No. 18], filed on November 17, 2017. The Plaintiff requests that the Court, pursuant to Federal Rule of Civil Procedure 41, allow the Plaintiff to voluntarily dismiss this action. The Plaintiff avers that the Defendant has been advised of this Motion and has no objections.

Accordingly, the Court will analyze the Plaintiff's request for dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), in which "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court also notes that "unless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff

in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order regarding this case, and further finds that dismissal of the action is appropriate because the Plaintiff has represented that the Defendant agrees to the dismissal, the parties have not begun briefing on the merits, and the dismissal will be without prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal.

For the foregoing reasons, the Court GRANTS the Motion for Dismissal [ECF No. 18] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against the Defendant.

SO ORDERED on November 21, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT